UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Little Tom Childress, Jr., | Civil Action No.: 7:17-cv-02529-AMQ |
| Plaintiff, | |
| vs. | |
| | **ORDER AND OPINION** |
| Rebecca Roberts, Site Manager; Babbie M. Jaco, Vice President; Boyd Management Ltd., | |
| Defendants. | |

Plaintiff, proceeding pro se, files this civil action alleging a violation of the Fair Housing Act ("FHA"). (ECF No. 1.) This matter is before the Court on three motions: (1) Motion to Dismiss filed by Defendant Babbie M. Jaco, Vice President ("Jaco"), brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 29); (2) Plaintiff's Motion to Amend his complaint to add another party (ECF No. 68) and (3) Plaintiff's Motion for Summary Judgment. (ECF No. 82.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Jacquelyn D. Austin for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation ("Report") which recommends that Jaco's Motion to Dismiss be granted, Plaintiff's Motion to Amend be denied, and Plaintiff's Motion for Summary Judgment be denied without prejudice and with leave to refile. (ECF No. 88 at 10.) Plaintiff has filed objections to the Report (ECF No. 93) as well as a second "Objection," highlighting to the Court that he did

not receive a copy of Jaco's opposition to his Motion for Summary Judgment. (ECF No. 95.) For the reasons set forth herein, the Court adopts the Report in part to the extent not inconsistent with this Order, and declines to adopt the Report in part, for the reasons set forth herein.

## BACKGROUND AND PROCEDURAL HISTORY

The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Plaintiff filed this matter on September 20, 2017, against Defendants Rebecca Roberts, Babbie M. Jaco and Boyd Management Ltd., alleging violations of the FHA. (ECF No. 1.) On January 31, 2018, Jaco filed a Motion to Dismiss on grounds that the Complaint failed to state facts sufficient to constitute any cause of action against her and, therefore, should be dismissed. (ECF No. 29.) Specifically, Jaco argues that the Complaint contains only one conclusory sentence regarding Jaco, and does not allege Jaco personally participated in the alleged misconduct against Plaintiff or that she ratified any alleged misconduct. (ECF No. 29-1 at 3-4.) Jaco further states that Plaintiff failed to state any allegations to support a vicarious liability theory against her as a corporate officer. (ECF No. 29-1 at 4-5.) On April 3, 2018, Plaintiff filed a Motion to Amend his Complaint to add co-tenant Karen G. Ferguson in that she suffered from the alleged unlawful actions of Defendant Roberts. (ECF No. 68 at 1.) Additionally, on June 4, 2018, Plaintiff filed a single-paged Motion for Summary Judgment, arguing that Defendants failed to produce any evidence to support their position denying the events of racial discrimination, retaliation, and failure to train employees, among other claims. (ECF No. 82.) After consideration of these motions, the Magistrate Judge issued a Report recommending that Jaco's Motion to Dismiss be granted, Plaintiff's Motion to Amend the Complaint be denied, and Plaintiff's Motion for Summary Judgment be denied without prejudice and with leave to refile. (ECF No. 88 at 10.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). Absent a timely, specific objection—or as to those portions of the Report to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**ANALYSIS AND DISCUSSION**

The Court has carefully reviewed the Magistrate Judge's analysis in the Report, as well as Plaintiff's Objections to the Report, and concludes that the Magistrate Judge correctly set forth and applied the relevant law in this matter. As an initial matter, the Magistrate Judge is correct in her determination that Plaintiff lacks standing to bring a civil action in this Court on behalf of others, and that his Motion to Amend the Complaint on that ground would be futile. (ECF No. 88 at 7-8.) She is also correct in her consideration of the Motion to Dismiss filed by Defendant Jaco and the lack of factual allegations concerning that Defendant in Plaintiff's Complaint. (ECF No. 88 at 8-9.) The Magistrate Judge also appropriately noted the Fourth Circuit case law which precludes a plaintiff from using responsive briefing to amend his complaint. *See Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017)(unpublished decision). Finally, the Magistrate Judge was also correct in her analysis of Plaintiff's Motion for

Summary Judgment as premature. (ECF No. 88 at 9-10.) The Court adopts the Magistrate Judge's analysis and recommendations as to the Motion for Summary Judgment entirely.

Plaintiff filed lengthy objections to the Report, including several pages of attachments and factual recitations, and the Court has reviewed them all *de novo*. (ECF Nos. 93.) To summarize, Plaintiff primarily claims that he has in fact stated a claim against Jaco. (ECF No. 93 at 5-12, 20-23.) In concluding his objections, he asks this Court to "review [the] whole record before [making] a decision not to [dismiss] Babbie M. Jaco." (ECF No. 93 at 24.) The Court has also reviewed and considered his notice to the Court that he never received Defendants' response in opposition to his Motion for Summary Judgment. (ECF No. 95.)

Because Plaintiff is proceeding pro se, the Court liberally construes Plaintiff's complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner,* 404 U.S. 519, 521 (1972). The requirement of liberal construction does not mean, however, that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor is this district court "required to recognize obscure and extravagant claims defying the most concerted efforts to unravel them." *See Weller v. Dep't of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990)(internal quotations and citations omitted). In light of these standards, the Court has given particular attention to Plaintiff's Motion to Amend, Jaco's Motion to Dismiss and Plaintiff's Objections to the Report. The Court agrees entirely with the Magistrate Judge's assessment of Plaintiff's Motion to Amend in that allowing Plaintiff leave to add co-tenant Karen Ferguson would be futile. After the Magistrate Judge submitted her Report, however, Plaintiff filed objections in which he seemingly articulates factual allegations and theories of liability specific to Jaco.

Accordingly, the Court liberally construes Plaintiff's objections as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a). The Court cannot say at this time that any amendment as it relates to claims against Jaco would be futile. As a pro se Plaintiff, this Court is of the view that Plaintiff should be provided an opportunity to amend his complaint to cure any defects prior to dismissal. *See Brockington v. S.C. Dep't of Soc. Servs.*, 687 F. App'x 276, 277 (4th Cir. 2017)(unpublished opinion)(remanding matter to district court to allow the plaintiff to file an amended complaint as it was possible the plaintiff could cure the defects through amendment); *Evans v. Richardson*, 689 F. App'x 750 (4th Cir. 2017)(unpublished decision)(same); *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978)(finding that a district court should afford a pro se civil rights litigant an opportunity to amend his proceedings even if he did not say in his motion for leave how he would cure the deficiencies in his pleading).

Accordingly, Plaintiff is hereby granted leave to file an amended complaint, if he so chooses, setting forth a short and plain statement of the facts that gives Jaco adequate notice of any claim against her and explains her involvement, direct or otherwise, in the matters alleged in this lawsuit. Plaintiff must file an amended complaint within fourteen (14) days of this Order. Plaintiff need not make any allegations as it relates to co-tenant Karen Ferguson for the reasons set forth by the Magistrate Judge. It is well settled that a pro se litigant may not represent another pro se litigant in federal court. *See Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005).

## CONCLUSION

After careful consideration of the relevant motions, objections and responses, the undersigned adopts the Report and Recommendation in part and incorporates it herein by specific reference to the extent not inconsistent, and declines to adopt the Report in part. For the

reasons set forth herein and in the Report, Plaintiff's Motion to Amend to add Karen Ferguson as a party is DENIED, but leave to amend is GRANTED as set forth in this Order such that Plaintiff has an opportunity to assert potential claims against Jaco. Jaco's Motion to Dismiss is DENIED at this time. The Court does not express any opinion as to the ultimate merits of Plaintiff's claims against Jaco. Of course, if Plaintiff files an amended complaint, Jaco may file a motion to dismiss the amended complaint or other appropriate pleading and raise any arguments previously raised, and serve the same upon Plaintiff so that he may respond in turn. Finally, Plaintiff's Motion for Summary Judgment is DENIED as premature and without prejudice for the reasons set forth in the Magistrate Judge's Report.[1] The parties have the right to file motions for summary judgment after discovery concludes, or at some other appropriate time. This matter is committed to the Magistrate Judge for further pretrial handling consistent with this Order.

    IT IS SO ORDERED.

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

August 6, 2018
Greenville, South Carolina

---

[1] The Supreme Court has found that summary judgment is appropriate only when "no serious claim can be made that [the nonmovant] was in any sense 'railroaded' by a premature motion for summary judgment." *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986).