IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Little Tom Childress, Jr., )
)
   Plaintiff, ) C.A. No. 7:17-2529-HMH-JDA
)
vs. ) **OPINION & ORDER**
)
Rebecca Roberts, Babbie M. Jaco, )
and Boyd Management LTD, )
)
   Defendants. )

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacqueline D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Little Tom Childress, Jr. ("Childress"), proceeding pro se, alleges racial discrimination and retaliation claims in violation of §§ 804(a), 804(b), and 817 of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(a), 3604(b), and 3617. Defendants Rebecca Roberts ("Roberts"), Babbie M. Jaco ("Jaco"), and Boyd Management LTD ("Boyd Management") (collectively "Defendants"), filed a motion for summary judgment. (Defs. Mot. Summ. J., ECF No. 126.) Defendant Jaco also filed a motion to dismiss for failure to state a plausible claim for relief, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Jaco Mot. Dismiss, ECF No. 118.) In addition, Defendants and Childress both filed

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

motions for sanctions. (Defs. Mot. Sanctions, ECF No. 108; Childress Mot. Sanctions, ECF No. 116.) In her Report and Recommendation, Magistrate Judge Austin recommends granting in part and denying in part Defendants' motion for summary judgment, dismissing Jaco's motion to dismiss as moot, denying Childress' motion for sanctions, and granting in part and denying in part Defendants' motion for sanctions. (R&R, generally, ECF No. 167.)

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises out of alleged incidents of racial discrimination that Childress, an African American man, claims occurred while he was a tenant at West End Manor ("West End"), an apartment complex in Union, South Carolina, in violation of the FHA. (Compl. 6, ECF No. 1.) West End is managed by Boyd Management, and Jaco is the Vice President of Boyd Management. (Id. 2, ECF No. 1.) Roberts was West End's on-site manager during the alleged incidents of discrimination. (Id., ECF No. 1.)

In 2013, Childress rented an apartment at West End with Karen Ferguson ("Ferguson"), his Caucasian co-tenant. (Id. Attach. 3 (Determination of No Reasonable Cause ("HUD Determination") 4), ECF No. 1-3.) Childress alleges that Roberts directed racially discriminatory statements and slurs to him and Ferguson on multiple occasions in 2015. He alleges that on August 4, 2015, Roberts told Childress that "they were going to take back their country from those taking over their country." (Id. 3, ECF No. 1.) In addition, Childress submits that on October 13, 2015, Roberts "called [him] a nigger," and told him that he "could not be outside taking pictures, because [he] was scaring the white folks." (Compl. 3, ECF No. 1.) Further, Childress alleges that he was treated differently than other white tenants. (Id. 3-4,

ECF No. 1.)  Childress alleges that Jaco is vicariously liable for Robert's actions.  (Am. Compl. 1, ECF No. 109.)

Childress filed a complaint with the United States Department of Agriculture ("USDA") on October 6, 2015.  (Id. Attach. 4 (Final Investigative R. 1, 5), ECF No. 1-4.)  The United States Department of Housing and Urban Development ("HUD") and the USDA investigated Childress' claims of racial discrimination, and HUD issued Childress a "Determination of No Reasonable Cause" on December 8, 2016.  (Id. Attach. 3 (HUD Determination 1), ECF No. 1-3.)  Childress alleges that Roberts gave him two "false violations" of his rental agreement on October 13, 2015, in retaliation for filing the USDA complaint.  (Compl. 3, ECF No. 1.)  Childress and Ferguson voluntarily terminated their tenancy at West End in November 2015. (Id. Attach. 3 (HUD Determination 5), ECF No. 1-3.)

Childress filed the instant action on September 20, 2017.  (Id., generally, ECF No. 1.)  With leave of court, Childress filed an amended complaint on August 21, 2018, which the magistrate judge ordered be read together with the original complaint.  (Am. Compl., ECF No. 109; Aug. 24, 2018 Text Order, ECF No. 110.)  On August 21, 2018, Defendants filed a motion for sanctions against Childress, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure (Defs. Mot. Sanctions, ECF No. 108.)  Childress filed his response in opposition on August 27, 2018.  (Resp. Opp'n Defs. Mot. Sanctions, ECF No. 113.)  Defendants filed their reply on August 28, 2018.  (Defs. Reply, ECF No. 115.)  Childress then filed a motion for sanctions against Defendants on August 31, 2018.  (Childress Mot. Sanctions, ECF No. 116.)  Defendants filed their response in opposition on September 14, 2018.  (Resp. Opp'n Childress Mot. Sanctions, ECF No. 129.)

On September 4, 2018, Jaco filed her second motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Jaco Second Mot. Dismiss, ECF No. 118.) Childress filed his response in opposition on September 20, 2018. (Resp. Opp'n Jaco Second Mot. Dismiss, ECF No. 133.) On September 13, 2018, all Defendants filed a motion for summary judgment. (Defs. Mot. Summ. J., ECF No. 126.) After receiving an extension, Childress filed a response in opposition on October 19, 2018. (Resp. Opp'n Defs. Mot. Summ. J., ECF No. 146.) Defendants filed their reply on October 26, 2018. (Defs. Reply, ECF No. 157.)

Magistrate Judge Austin issued her Report and Recommendation on December 7, 2018. Defendants filed objections on December 21, 2018. (Defs. Objs., ECF No. 177.) After receiving an extension, Childress filed objections on January 2, 2019. (Childress Objs., ECF No. 180.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id.

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings

5

that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**C. Report and Recommendation**

In her Report, the magistrate judge first concludes that Defendants' motion for summary judgment should be granted as to Jaco on all of Childress' claims against her, granted as to Childress' retaliation claim against Roberts and Boyd Management, and denied as to Childress' remaining claims against Roberts and Boyd Management. (R&R 22, ECF No. 167.) Further, the magistrate judge concludes that Childress' remaining claim against Roberts and Boyd Management should be construed as a hostile housing environment claim. (Id. 18-21, ECF No. 167.) Second, the magistrate judge concludes that Jaco's motion to dismiss should be dismissed as moot. (Id. 22, ECF No. 167.) Third, the magistrate judge concludes that Childress' motion for sanctions should be denied because he has not provided admissible evidence to support his request for sanctions. (Id. 15, ECF No. 167.) Fourth, the magistrate judge concludes that Defendants' motion for sanctions against Childress should be granted in part and denied in part without prejudice to Defendants' right to move for sanctions again if Childress does not fully comply with the court's orders. (Id. 10-15, ECF No. 167.)

6

**D. Objections**

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

1. Childress' Objections

Childress filed objections to the Report and Recommendation. (Childress Objs., generally, ECF No. 180.) Upon review, the court finds that many of Childress' objections are nonspecific, unrelated to the dispositive portions of the Report, or merely restate his claims.[2] However, the court was able to glean one specific objection. Childress asserts that the magistrate judge did not consider all of his filings and submitted evidence. (Id. 1-5, ECF No. 180.)

---

[2] In his objections, Childress asserts that he has the right to use Ferguson as a witness, despite the fact that she was removed from his witness list upon Childress' motion prior to the close of discovery. (Childress Objs. 11, 30, ECF No. 180; Mot. Drop Witness, ECF No. 99; Aug. 9, 2018 Text Order, ECF No. 106.) In order for a party to identify a witness after the discovery period has closed, the failure to disclose the name of a witness before the discovery period closes must be "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). However, this issue is not before the court in the Report or underlying motions. Thus, in the event Childress moves to re-identify Ferguson or identify anyone else as a witness, it is in the magistrate judge's discretion to determine if Childress has met his burden according to the "substantially justified or harmless" standard. See S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596-97 (4th Cir. 2003); Quesenberry v. Volvo Grp. N. Am., Inc., 267 F.R.D. 475, 480-81 (W.D. Va. 2010).

Childress asserts that the magistrate judge did not consider every document he filed with the court. Specifically, Childress argues that the magistrate judge did not consider his complaint and the accompanying exhibits. (Id. 3, 5, 11-12, ECF No. 180.) However, the magistrate judge cited to Childress' complaint and the accompanying exhibits throughout the Report. (R&R 2, 3, 17, 19, 20, ECF No. 167.) Thus, the magistrate judge plainly reviewed and considered these documents. Further, the magistrate judge referred to the record extensively in the Report and thoroughly considered all materials submitted by the parties.[3] Therefore, Childress' objection is without merit.

## 2. Defendants' Objections

Defendants filed objections to the Report and Recommendation. (Defs. Objs., generally, ECF No. 177.) Upon review, the court finds that some of Defendants' objections are nonspecific, unrelated to the dispositive portions of the Report, or merely restate their claims. However, the court identified one specific objection. Defendants object to the magistrate judge's conclusion that Childress' remaining claim against Roberts and Boyd Management should be construed as a hostile housing environment claim under the FHA. (Id. 8, ECF No. 177.)

Defendants submit that "in finding an intention to state a 'hostile environment' claim, the magistrate judge has given the amended complaint too liberal a reading and has raised a

---

[3] In his objections, Childress repeatedly discussed the content of a flash drive and cassette tape that he attempted to submit to the court as evidence. (Childress Objs., generally, ECF No. 180.) However, these items were not entered into the record and are not necessary to the disposition of this motion. Moreover, Childress' action is being remanded to the magistrate judge for further proceedings regarding the hostile housing environment claim. Thus, if these materials are relevant to the hostile housing environment claim, Childress will have an opportunity to submit the flash drive and cassette tape if he so chooses.

8

claim that is not actually present." (Id. 10 n.6, ECF No. 177.) Moreover, the Defendants assert that Childress cannot satisfy the elements of a claim for hostile housing environment. (Id. 9-10, ECF No. 177.) "A document filed *pro se* is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, district courts are not required to "conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Childress has described multiple incidents wherein Roberts allegedly directed racial slurs and racially-hostile remarks to Childress. (See e.g., Compl. 3-4, ECF No. 1.) Considering Childress' allegations, a hostile housing environment claim is a reasonable interpretation of the pleadings. Additionally, at this stage in the proceedings, it is premature to evaluate the merits of the hostile housing environment claim because the claim has not been fully briefed by the parties. Accordingly, Defendants' objection is without merit.

### E. Childress' Appeal

Finally, on December 11, 2018, Childress filed a document that appears to be his appeal of the magistrate judge's decision to grant Defendants' motion to be exempt from mediation requirements. (Appeal, ECF No. 169; Oct. 16, 2018 Text Order, ECF No. 140.) However, Childress has not shown that the magistrate judge's decision was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Local Civ. R. 16.05 (D.S.C.) ("Parties may request relief from any mediation

requirement by motion, and relief shall be freely given for good cause shown."). Accordingly, Childress' appeal is dismissed.

### III. CONCLUSION

In conclusion, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein. Accordingly, this matter is remanded to the magistrate judge for further proceedings regarding the hostile housing environment claim against Roberts and Boyd Management. In addition, Childress' appeal of the magistrate judge's order exempting the parties from mediation is dismissed.

As to Defendants' motion for sanctions, Childress is hereby ordered (1) to provide to the Defendants' attorney full and clear responses to Defendants' interrogatories and production requests no later than February 6, 2019, (2) to appear to testify at a deposition pursuant to notice by the Defendants in accordance with the Federal Rules of Civil Procedure, and (3) to participate meaningfully in the deposition by answering the Defendants' questions. Childress is further informed that if he fails to comply with this order, his case can be dismissed with prejudice, which means that he would be prohibited in the future from filing another action about the same events. Contrary to Childress' assertion that he did not agree to comply with the discovery rules in the Federal Rules of Civil Procedure, (Childress Objs. 15, ECF No. 180), the discovery rules apply to all parties regardless of whether the parties agreed to comply with the rules prior to discovery. Fed. R. Civ. P. 1. Thus, Childress cannot simply refuse to participate in discovery and continue with this action. Finally, the Defendants are permitted to file a new motion requesting sanctions in the event Childress does not comply with this order.

Therefore, it is

**ORDERED** that Defendants' motion for sanctions, docket number 108, is granted in part and denied in part as set forth herein. It is further

**ORDERED** that Childress' motion for sanctions, docket number 116, is denied. It is further

**ORDERED** that Defendants' motion for summary judgment, docket number 126, is granted in part and denied in part, as set forth herein. It is further

**ORDERED** that Jaco's motion to dismiss, docket number 118, is dismissed as moot. It is further

**ORDERED** that Childress' appeal, docket number 169, is dismissed. It is further

**ORDERED** that this matter is remanded to the magistrate judge for further consideration in accordance with this order.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 16, 2019